**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
LLOYD D. GEORGE UNITED STATES COURTHOUSE
333 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NV 89101

DEBRA K. KEMPI                                                                TELEPHONE (702) 464-5456
CLERK OF COURT

August 23, 2021

David A. Tanner, Esq.
Tanner Churchill Anderson
4001 Meadows Lane
Las Vegas, NV 89107

A. J. Sharp, Esq.
Sharp Law Center
11700 West Charleston Boulevard, Suite 234
Las Vegas, NV 89135

Brenda H Entzminger, Esq.
Phillips, Spallas & Angstadt, LLC
504 S. Ninth Street
Las Vegas, NV 89101

Re: *Reed v. Wal-Mart Stores, Inc.*; Case No. 2:14-cv-850-APG-PAL

Dear Counsel,

I have been contacted by Judge Andrew P. Gordon, who presided over the above-mentioned case. The only action Judge Gordon took in this case was granting the parties' stipulation to remand the case to state court. *See* ECF No. 8.

Judge Gordon informed me that he recently learned that while he presided over the case he owned stock in Wal-mart Stores, Inc. His ownership of stock neither affected nor impacted his decision to grant your stipulation. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges. Thus, Judge Gordon directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court

(without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained that "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

Based on Advisory Opinion 71, you are invited to respond to Judge Gordon's disclosure of a conflict in this case. Should you wish to respond, please submit your response directly to me, not to Judge Gordon, by September 13, 2021. Any response will be considered by another judge of this court without Judge Gordon' participation.

Sincerely,

Debra K. Kempi
Clerk of Court